**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TAMBASCO and | : | |
| LORI TAMBASCO, | : | |
|     Plaintiffs | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF ARMY, | : | |
| TOBYHANNA ARMY DEPOT | : | |
| POLICE DEPARTMENT, and | : | |
| CLAUS D. HENSLEY, | : | |
|     Defendants | : | No. |

## COMPLAINT

NOW come Plaintiffs, Robert Tambasco and Lori Tambasco, by and through their undersigned counsel, Munley Law, P.C. and aver as follows:

## PARTIES

1. Plaintiff Robert Tambasco is a competent adult individuals residing at 4816 Live Oak Drive, Colorado Springs, Colorado.

2. Plaintiff Lori Tambasco is a competent adult individuals residing at 750 Main Street Tobyhanna, Pennsylvania.

3. Defendant Claus D. Hensley is, on information and belief, a

competent adult individual residing at 2123 Campbell Way, Tobyhanna, Pennsylvania.

4. Defendant United States Department of Army is, on information and belief, a governmental agency that operates as Tobyhanna Army Depot Police Department located at 11 Hap Arnold Boulevard, Tobyhanna, PA.

5. Defendant Tobyhanna Army Depot Police Department is an agency of the United States Government and is located at 11 Hap Arnold Boulevard, Tobyhanna, PA.

## JURISDICTION AND VENUE

6. This action arises under the Federal Tort Claims Act (28 U.S.C.A. §2671 et seq. and 28 U.S.C.A. §1346).

7. Defendant Claus D. Hensley resides in the Middle District of Pennsylvania and is within the jurisdiction of this Honorable Court.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. A claim for damages was filed with the United States by Plaintiff on or about October 12, 2016.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the act or omissions complained of occurred in the Middle District of Pennsylvania.

11. On April 12, 2017, Defendant denied this claim.

12. Plaintiff has exhausted all administrative remedies in this case.

## FACTUAL ALLEGATIONS

13. On January 1, 2015 at approximately 1:30 am, Plaintiff Robert Tambasco noticed lights from police vehicles on Main Street, down the road from his home.

14. Plaintiff Robert Tambasco, walked down to the area where the police vehicles were stopped to see if anyone needed help.

15. The police were responding to an unrelated automobile accident.

16. Plaintiff Robert Tambasco stayed at the scene of the collision for approximately 5 to 10 minutes before proceeding back to his home on foot.

17. While at the scene of the automobile accident, Plaintiff Robert Tambasco spoke to Defendant Claus D. Hensley.

18. Upon information and belief, Defendant Claus D. Hensley was a military police office for Defendant United States Department of the Army and was employed by the Tobyhanna Army Depot Police Department.

19. At all times pertinent hereto, Defendant Claus D. Hensley acting within the course and scope of his employment and was conducting an off post check when he came across the aforementioned traffic accident.

20. At approximately 1:38 am Plaintiff Robert was walking southbound

on Main street between Church Street and Hap Arnold Boulevard in Tobyhanna, Pennsylvania.

21. At all times pertinent hereto, Plaintiff Robert Tambasco was a pedestrian who was lawfully walking southbound on the shoulder of Main Street and was as close as practicable to the edge of the roadway.

22. At the aforementioned time, there were no adverse conditions or other obstructions affecting motorists' view of the area where Mr. Tambasco was walking.

23. At approximately 1:38 am Defendant Claus D. Hensley left the scene and began heading south on Main Street to continue his off post patrol.

24. At all times pertinent hereto, Defendant Claus D. Hensley was operating a 2013 Ford F10 pickup truck, United States Military License registration number G62296N/ZG, traveling southbound on Main Street in Tobyhanna, Pennsylvania.

25. At approximately 1:38 am, Defendant Claus D. Hensley operated the Ford truck in such a careless, reckless and negligent manner that struck Robert Tambasco, a pedestrian, striking him and throwing him to the ground and further causing Robert Tambasco to suffer such injuries as are hereinafter more fully set forth.

26. As a result of the aforesaid accident, Robert Tambasco has suffered, yet suffers and will/may suffer from for an indefinite time in the future, multiple

injuries, including, but not limited to, right tibial plateau fracture; right medial meniscus and ACL tear; left fibula head fracture; transverse process fractures of L1-L4; left rib fracture #12; left 1st metacarpal fracture; neck pain, bilateral shoulder pain, abdominal pain; lower bilateral back pain; swelling and bruising to his right eye; laceration to the back of his head; moderate depth abrasion to right side of his abdomen; swelling in the ankles and shin; bilateral knee abrasions; abrasion to right elbow; avulsion to left pointer finger; post traumatic syndrome disorder, and shock to his nerves and nervous system, all of which have caused him, continue to cause him and will/may cause him for an indefinite time in the future, great pain, agony and suffering, both physical and mental.

27. As a result of the aforesaid accident and injuries sustained, Robert Tambasco has been forced to undergo medical treatment, including surgeries, and will/may be forced to undergo medical treatment for an undetermined time in the future.

28. As a result of the aforesaid accident and injuries sustained, Plaintiffs Robert Tambasco and Lori Tambasco has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine, equipment, rehabilitation and medical attention in and about endeavoring to treat and cure Robert Tambasco, all to their great financial loss and damage.

29. As a result of the aforesaid accident and injuries sustained, Robert Tambasco has been, still is and will/may for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

30. As a result of the aforesaid accident and injuries sustained, Robert Tambasco has been, still is and will/may for an indefinite time in the future be forced to forgo the pleasures of life.

31. As a result of the accident and injuries sustained, Robert Tambasco has suffered, still suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

## COUNT ONE

### Robert Tambasco v. Claus D. Hensley

### Negligence

32. Paragraphs 1-31 above are incorporated herein by reference as if fully set forth here at length.

33. The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

34. The negligent conduct, careless conduct and/or gross, wanton and reckless conduct of Defendant Claus Dr. Hensley consisted of the following:

a. Failure to keep a proper lookout;

b. Failure to properly observe the roadway and pedestrians on the roadway;

c. Failure to properly observe the roadway;

d. Failure to properly brake his vehicle

e. Failure to properly control his vehicle;

f. Failure to take proper and evasive action;

g. Failure to keep his eyes on the roadway;

h. Failure to stop his vehicle within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

i. Failure to maneuver his vehicle so as to avoid a collision;

j. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

l. Operating his vehicle without due regard for the rights, safety and position of Robert Tambasco lawfully walking on the roadway;

m. Operating his vehicle so as to bring it into sudden, forcible contact with Robert Tambasco;

    n.    Failure to give warning of his approach;

    o.    Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    p.    Failure to remain attentive and to maintain a sharp lookout for pedestrians;

    q.    Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation 75 Pa.C.S.A. §3361;

    r.    Operating his vehicle while being distracted;

    s.    Driving a vehicle with willful or wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

    t.    Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of the Township of Tobyhanna in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; and

    u.    Such other negligent acts and omissions which shall be discovered under the applicable Federal Rules of Civil Procedure.

35. As a result of the above-stated acts and omissions, Robert Tambasco

has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Robert Tambasco demands judgment in his favor and against Defendant Claus D. Hensley, in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT TWO

## Lori Tambasco v. Claus D. Hensley

## Loss of Consortium

36. Paragraphs 1-35 above are incorporated herein by reference as if fully set forth here at length.

37. At all times pertinent, Plaintiff Lori Tambasco was and is the wife of Plaintiff Robert Tambasco.

38. Solely due to the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Claus D. Hensley in causing the injuries to Plaintiff Robert Tambasco, Lori Tambasco, as wife of Plaintiff Robert Tambasco has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

39. By reason of the aforesaid accident, Plaintiff Lori Tambasco has been, yet is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiffs demand judgment against Defendant Claus D. Hensley in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE

**Robert Tambasco v. United States Department of Army**

**Negligence**

40. Paragraphs 1-39 above are incorporated herein by reference as if fully set forth here at length.

41. The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

42. The negligent conduct, careless conduct and/or gross, wanton and reckless conduct of Defendant United States Department of Army, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Claus D. Hensley consisted of the following:

      a.    Failure to keep a proper lookout;

      b.    Failure to properly observe the roadway and pedestrians on the roadway;

      c.    Failure to properly observe the roadway;

d. Failure to properly brake his vehicle

e. Failure to properly control his vehicle;

f. Failure to take proper and evasive action;

g. Failure to keep his eyes on the roadway;

h. Failure to stop his vehicle within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

i. Failure to maneuver his vehicle so as to avoid a collision;

j. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

l. Operating his vehicle without due regard for the rights, safety and position of Robert Tambasco lawfully walking on the roadway;

m. Operating his vehicle so as to bring it into sudden, forcible contact with Robert Tambasco;

n. Failure to give warning of his approach;

o. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

p. Failure to remain attentive and to maintain a sharp lookout for

      pedestrians;

q.     Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation 75 Pa.C.S.A. §3361;

r.     Operating his vehicle while being distracted;

s.     Driving a vehicle with willful or wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

t.     Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of the Township of Tobyhanna in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; and

u.     Such other negligent acts and omissions which shall be discovered under the applicable Federal Rules of Civil Procedure.

43.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant United States Department of Army, in its own right, consisted of the following:

a.     negligently entrusting Defendant Claus D. Hensley with the vehicle when they knew or should have known that Defendant

        Claus D. Hensley lacked sufficient skill, judgment and prudence in the operation of a motor vehicle;

  b.    failing to adequately instruct Defendant Claus D. Hensley in the safe operation of a motor vehicle before entrusting him with the vehicle;

  c.    failing to prevent Defendant Claus D. Hensley from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; and

  d.    failing to adequately ascertain that Defendant Claus D. Hensley lacked the ability necessary to safely operate the vehicle under the circumstances.

44.    As a result of the above-stated acts and omissions, Plaintiff Robert Tambasco has suffered such harm as has been previously stated herein.

    WHEREFORE, Plaintiff Robert Tambasco demands judgment against Defendant United States Department of Army in an amount in excess of $75,000.00 plus interest, costs and other such relief as this Court deems appropriate.

## COUNT FOUR

**Lori Tambasco v. United States Department of Army**

**Loss of Consortium**

45.    Paragraphs 1-44 above are incorporated herein by reference as if fully

set forth here at length.

46. At all times pertinent, Plaintiff Lori Tambasco was and is the wife of Plaintiff Robert Tambasco.

47. Solely due to the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant United States Department of Army in causing the injuries to Plaintiff Robert Tambasco, Lori Tambasco, as wife of Plaintiff Robert Tambasco has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

48. By reason of the aforesaid accident, Plaintiff Lori Tambasco has been, yet is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiffs demand judgment against Defendant United States Department of Army in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FIVE

**Robert Tambasco v. Tobyhanna Army Depot Police Department**

**Negligence**

49. Paragraphs 1-48 above are incorporated herein by reference as if fully set forth here at length.

50. The aforesaid accident was due solely to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff.

51. The negligent conduct, careless conduct and/or gross, wanton and reckless conduct of Defendant Tobyhanna Army Depot Police Department, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Claus D. Hensley consisted of the following:

    a. Failure to keep a proper lookout;

    b. Failure to properly observe the roadway and pedestrians on the roadway;

    c. Failure to properly observe the roadway;

    d. Failure to properly brake his vehicle

    e. Failure to properly control his vehicle;

    f. Failure to take proper and evasive action;

    g. Failure to keep his eyes on the roadway;

    h. Failure to stop his vehicle within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

    i. Failure to maneuver his vehicle so as to avoid a collision;

    j. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

l. Operating his vehicle without due regard for the rights, safety and position of Robert Tambasco lawfully walking on the roadway;

m. Operating his vehicle so as to bring it into sudden, forcible contact with Robert Tambasco;

n. Failure to give warning of his approach;

o. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

p. Failure to remain attentive and to maintain a sharp lookout for pedestrians;

q. Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation 75 Pa.C.S.A. §3361;

r. Operating his vehicle while being distracted;

s. Driving a vehicle with willful or wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

t. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of the

    Township of Tobyhanna in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; and

 u. Such other negligent acts and omissions which shall be discovered under the applicable Federal Rules of Civil Procedure.

52. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Tobyhanna Army Depot Police Department,, in its own right, consisted of the following:

 a. negligently entrusting Defendant Claus D. Hensley with the vehicle when they knew or should have known that Defendant Claus D. Hensley lacked sufficient skill, judgment and prudence in the operation of a motor vehicle;

 b. failing to adequately instruct Defendant Claus D. Hensley in the safe operation of a motor vehicle before entrusting him with the vehicle;

 c. failing to prevent Defendant Claus D. Hensley from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; and

 d. failing to adequately ascertain that Defendant Claus D. Hensley

    lacked the ability necessary to safely operate the vehicle under the circumstances.

53. As a result of the above-stated acts and omissions, Plaintiff Robert Tambasco has suffered such harm as has been previously stated herein.

  WHEREFORE, Plaintiff Robert Tambasco demands judgment against Defendant Tobyhanna Army Depot Police Department, in an amount in excess of $75,000.00 plus interest, costs and other such relief as this Court deems appropriate.

## COUNT SIX

**Lori Tambasco v. Tobyhanna Army Depot Police Department**

**Loss of Consortium**

54. Paragraphs 1-53 above are incorporated herein by reference as if fully set forth here at length.

55. At all times pertinent, Plaintiff Lori Tambasco was and is the wife of Plaintiff Robert Tambasco.

56. Solely due to the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Tobyhanna Army Depot Police Department, in causing the injuries to Plaintiff Robert Tambasco, Lori Tambasco, as wife of Plaintiff Robert Tambasco has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

57. By reason of the aforesaid accident, Plaintiff Lori Tambasco has been, yet is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiffs demand judgment against Defendant Tobyhanna Army Depot Police Department, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, P.C.**

By: /s/ Daniel Webster Munley, Esq.
    Daniel Webster Munley, Esq.
    Pa. Id. No. 77441
    Attorney for Plaintiffs

The Forum Plaza
227 Penn Avenue
Scranton, PA 18503
570-346-7401