# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT TAMBASCO and LORI TAMBASCO,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF ARMY, *et al*.,

    Defendants.

NO. 3:17-CV-1857

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 6) filed by United States Department of Army, Tobyhanna Army Depot Police Department, and Claus D. Hensley. For the reasons that follow, the motion to dismiss will be granted in its entirety.

## I. Background

On October, 11, 2017, Plaintiffs Robert Tambasco ("Mr. Tambasco") and Lori Tambasco ("Mrs. Tambasco") commenced this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., against the United States Department of Army, Tobyhanna Army Depot Police Department, and Claus D. Hensley ("Mr. Hensley"). (*See* Doc. 1, *generally*). The Complaint alleges that on January 1, 2015, Mr. Tambasco was walking on Main Street in Tobyhanna, Pennsylvania when he was struck by a vehicle operated by Mr. Hensley, a military police officer for the United States Department of Army employed by the Tobyhanna Army Depot Police Department. (*See id*. at ¶¶ 13-25). As a result of the accident, Mr. Tambasco sustained multiple injuries. (*See id*. at ¶¶ 26-27).

In the Complaint, Mr. Tambasco asserts claims for negligence and Mrs. Tambasco asserts loss of consortium claims against the United States Department of Army, Tobyhanna Army Depot Police Department, and Mr. Hensley. (*See id*. at

Counts 1-6).

The United States Department of Army, Tobyhanna Army Depot Police Department, and Mr. Hensley filed the instant motion to dismiss on December 18, 2017. (*See* Doc. 6, *generally*). In their supporting brief, they argue that: (1) the only properly named Defendant in this FTCA action is the United States of America; and (2) Mrs. Tambasco's loss of consortium claim should be dismissed for failure to exhaust her administrative remedies. (*See* Doc. 7, *generally*). The motion to dismiss has been fully briefed and is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

The first issue raised by Defendants in their motion to dismiss is that the United States Department of Army, Tobyhanna Army Depot Police Department, and Mr. Hensley are improper Defendants in this FTCA action. (*See* Doc. 7, 4-6); *see*, *e.g.*, *Brobst v. United States*, 659 F. App'x 135, 137 (3d Cir. 2016) ("the only proper defendant in an FTCA action is the United States"); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Plaintiffs do not dispute this and have agreed that the United States of America should be substituted as the sole Defendant in this action. (*See* Doc. 8, 4-5). As such, the United States of America will be substituted as the proper Defendant and all claims against the United States Department of Army, Tobyhanna Army Depot Police Department, and Mr. Hensley will be dismissed with prejudice.

Defendants also seek dismissal of Mrs. Tambasco's loss of consortium claim because she did not exhaust her administrative remedies prior to bringing this action. (*See* Doc. 7, 6-8). In their opposition brief, Plaintiffs do not address this argument. (*See* Doc. 8, *generally*). Rather, Plaintiffs simply state that Pennsylvania law recognizes a claim for loss of consortium and that Mrs. Tambasco was deprived of the assistance and society of her husband as a result of the action (*See id*. at 6-7).

Mrs. Tambasco's loss of consortium claim will be dismissed with prejudice. First, Plaintiffs do not aver in the Complaint that Mrs. Tambasco exhausted her administrative remedies. (*See* Doc. 1, *generally*; *see also id*. at ¶¶ 9-12). And, "[w]hen the law of Pennsylvania is applicable, court have 'consistently held that spouses claiming loss of consortium under the FTCA are required to file a separate administrative claim as a jurisdictional prerequisite' to bringing suit." *Matsko v. United States*, No. 02-76, 2005 WL 2416337, at *5 (W.D. Pa. Sept. 30, 2005) (quoting *Nazarenus v. United States*, No. 95-4629, 1996 WL 156408, at *2 (E.D. Pa. Apr. 4,

3

1996)); *Smiley v. Artisan Builders*, No. 13-7411, 2015 WL 996366, at *3 (E.D. Pa. Mar. 4, 2015); *accord Barber v. Kone, Inc.*, 118 F. App'x 276, 278 (9th Cir. 2004); *Pipkin v. United States Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991).

Second, Plaintiffs, as stated, did not address in their opposition brief Defendants' argument that Mrs. Tambasco did not exhaust her administrative remedies before filing this action. (*See* Doc. 8, *generally*). By failing to respond to Defendants' argument on this issue, this portion of Defendants' motion to dismiss is unopposed and Mrs. Tambasco's claim will be dismissed. *See* M.D. Pa. L.R. 7.6; *see also Sikkelee v. Precision Airmotive Corp.*, No. 07-886, 2011 WL 1344635, at *4 (M.D. Pa. Apr. 8, 2011) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); *Lada v. Delaware Cnty. Cmty. Coll.*, No. 08-4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Mussari v. Jermyn Borough*, No. 07-948, 2007 WL 3231800, at *2 (M.D. Pa. Oct. 31, 2007).[1]

## IV. Conclusion

For the above stated reasons, the motion to dismiss will be granted, the United States of America will be substituted as the sole Defendant in this action, and Mrs. Tambasco's loss of consortium claim will be dismissed with prejudice.

An appropriate order follows.

March 8, 2018　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Mrs. Tambasco's loss of consortium claim will be dismissed with prejudice because her failure to respond to Defendants' argument demonstrates that leave to amend would be futile.

4